UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Scott B., <br>           Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br>           Defendant. | No. 1:21-cv-00481-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

      Scott B., a former stock car racer, filed for Social Security Disability Insurance Benefits ("DIB") because of a condition that caused total deafness in his left ear. A cholesteatoma[1] was surgically removed on March 10, 2020. The plaintiff described symptoms beyond the deafness to include, among other problems, vertigo and tinnitus resulting in an inability to walk without leaning or balancing on something, as well as anxiety stemming from the inability to walk even assisted for more than

---

[1] The relevant note from his then-treating physician, dated March 23, 2020, was that "[h]e is now s/p AS mastoid obit with blind sac closure for extensive cholesteatoma causing a lateral canal fistula." (ECF No. 8, at 16.) The Mount Sinai Center for Hearing and Balance defines cholesteatoma as a "skin-lined cyst that begins at the margin of the eardrum and invades the middle ear and mastoid." It can eat into the bone and is prone to infection. https://www.mountsinai.org/ locations/center-hearing-balance/conditions/ cholesteatoma.

1

two minutes. He maintained that even after surgery, he has a constant loud buzzing in his left ear which makes him have to struggle to hear with his right ear.

He filed for benefits on November 8, 2019. His claim was administratively denied on January 28, 2020, and upon reconsideration on June 3, 2020. On February 1, 2021, an administrative law judge ("ALJ") then denied his claim after a hearing. Going through the five-step standard protocol for evaluating claims, the ALJ found that the claimant had sufficient residual functional capacity, in light of his age, education and work experience, to perform light work that is available in the job market. (ECF No. 8, at 28, 31.) On November 30, 2022, Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R & R") (ECF No. 18) recommending that this Court grant the Motion of the Acting Commissioner of Social Security ("Commissioner") to affirm the ALJ denial (ECF No. 15) and deny the Motion of the plaintiff to reverse that denial (ECF No. 13).

The Court's review is de novo with respect to any part of the R & R to which the plaintiff has timely objected. Fed. R. Civ. P. 72(b)(3). In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…." 42 U.S.C. § 405(g). Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

In this case, the claimant objects to the R & R for three specific reasons. First, he maintains that the R & R did not adequately address his argument that instead of correctly applying *Sacilowski v. Saul,* 959 F.3d 431, 441 (1st Cir. 2020), the ALJ

set an "unreviewable and undefined standard" by concluding that the claimant's "activities [ ] are not limited to the extent one would expect, given the complaints or disabling symptoms and limitations." (ECF No. 19, at 1-2.)  As the R & R explained, citing *Sacilowski,* "in the absence of direct evidence to rebut a claimant's testimony about subjective symptoms, such statements should be taken as true." (ECF No. 18, at 10.)   "[I]f proof of disability is based on subjective evidence and a credibility determination is critical to the decision, the subjective statements must either be explicitly discredited or the implication of lack of credibility must be so clear as to amount to a specific credibility finding." *Id.* at 10-11, citing *Foote v. Chater,* 67 F.3d 1553, 1561-62 (1st Cir. 1995).  The Magistrate Judge carefully considered this argument and concluded that the ALJ "complied with *Sacilowski*  by issuing a detailed decision that appropriately cites to evidence . . . that directly rebuts Plaintiff's testimonial statements, . . ." (ECF No. 18, at 14.)  Rather than enunciating an "unreviewable and undefined standard," the ALJ complied with *Sacilowski's* mandate.  The Court agrees with the Magistrate Judge's analysis and conclusion.

Second, the claimant argues that the ALJ expressed doubt and concern about the vocational expert's reliance on data from the Occupation Employment Quarterly ("OEQ") and that the fifth step conclusion about the claimant's employability in the job market was therefore faulty.  The claimant pressed upon the Magistrate Judge adoption of the Seventh Circuit's skepticism of OEQ numbers based on that Court's criticism that the data is too old and that the Social Security Administration has been lax in updating its data. (ECF No 18, at 16.)  The vocational expert's testimony, as

3

the Magistrate Judge found, "meets the *Purdy* standard . . . [and t]here is nothing in this testimony reflecting that it lacked an adequately reliable foundation." (ECF No. 18, at 18.) The Court agrees with the Magistrate Judge's conclusion that "the ALJ did not err in finding it reliable." *Id.*

Finally, the claimant takes exception to the appeals counsel's failure to consider substantive evidence from treating physician Dr. Elliott Kozin contained in treatment notes dated January 19, 2021, and March 11, 2021. As to the first, it was consistent with other evidence before the appeals council. As to the second, which was dated 38 days after the ALJ decision, it was not only consistent with earlier information, it was based on observations made after the close of the relevant period. The Court agrees with the Magistrate Judge's assessment of this evidence as unlikely in any event to have changed the outcome. *Gregory T. v. Berryhill,* No. 1:17-cv-00445-LEW, 2018 WL 6012222, at *6 (D. Me. Nov. 16, 2018 ("remand is unwarranted in the absence of harmful error"), adopted 2018 WL 6310056 (D. Me. Dec. 3, 2018).

The Court, consistent with its obligation to review the record independently, has reviewed the record, the R & R, and the parties' position papers. In so doing, it finds that the Magistrate Judge rendered a well-reasoned and thorough evaluation of the legal claims.

It therefore adopts both the reasoning and the conclusions of the Magistrate Judge's R & R and, in so doing, GRANTS the Commissioner's Motion to Affirm (ECF No. 15) and DENIES the claimant's Motion to Reverse (ECF No. 13.)

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge


Date:  February 7, 2023